UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,           CASE NO. 05-CV-90039-DT
                                    HON. LAWRENCE P. ZATKOFF

    Plaintiff,

vs.

D-3 GEORGE ABRO,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 27, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant George Abro's Motion to Sever Defendants or Counts, or in the alternative, for Separate Juries. The Government has filed a response. As the Court finds that the facts and legal arguments pertinent to Defendant Abro's Motion are adequately presented in the parties' papers, the Court finds that the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant Abro's Motion be resolved on the briefs submitted, without this Court entertaining additional oral arguments. For the reasons that follow, Defendant Abro's Motion is DENIED.

**II. BACKGROUND**

The indictment in this case charges Defendant Abro with one count of money laundering and one count of use of interstate facility in aid of racketeering. The 27 count complaint charges co-defendant Young with one or more counts for each of the following offenses: (1) sex trafficking of children, (2) sex trafficking by force, fraud or coercion, (3) transportation of minor for criminal sexual activity, (3) transportation for prostitution, (4) sexual exploitation of children, (5) interstate distribution of child pornography, (6) threatening interstate communications, (7) possession with intent to distribute marijuana, (8) felon in possession of a firearm, (9) money laundering, and (10) use of interstate facility in aid of racketeering.

On June 13, 2006, the plea cut off date in this case passed, and Defendant Abro and Defendant Young are scheduled to go to trial on August 17, 2006.

### III. ANALYSIS

The decision as to whether severance is appropriate is within the Court's broad discretion. *United States v. Wirsing*, 719 F.2d 859, 864 (6th Cir. 1983).

In support of his motion, Defendant Abro claims he will be prejudiced if he is made to go to trial with co-defendant Young, for the following reasons:

1. Abro is charged in only two counts (money laundering and use of interstate facility in aid of racketeering), while Young is charged with 27 counts.

2. The crimes Young is charged with are of a disturbing and "gross sexual nature" and involve the "highly inflammatory nature of a charge of possessing child pornography" and child prostitution.

3. There is only one phone call between Young and Abro.

4. The overwhelming evidence pertains to Young, not Abro.

Fed. R. Crim. P. 8(a) permits joinder of counts when they "are of the same or similar

character or based on the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Abro asserts that the evidence as to child sex trafficking associated with Young would not be admissible in the money laundering case against Abro but for the joinder. Abro further asserts that the severance of defendants is appropriate where the facts concerning different charges are improperly joined under Fed. R. Crim. P. 8(b). *See U.S. v. Gray*, 78 F.Supp.2d 524 (E.D. Va. 1999). Finally, Defendant Abro asserts that the prejudice against him by joinder of the counts justifies the Court ordering separate trials in this case. Fed. R. Crim. P. 14.

The *Gray* court held that it was improper to charge a single defendant in a single indictment with unlawful access of a government computer and possession of child pornography because (1) of possible jury confusion and cumulation of evidence; (2) defendant might be confounded in presenting defenses; and (3) the jury might conclude that the defendant was guilty of one offense and thus predisposed to commit the other. The *Gray* court also found, however, that the joinder of charges in that case was improper as the acts of the defendant "were not of the same character, they are not based on the same transaction, and do not constitute part of a common scheme or plan."

Contrary to Defendant Abro's assertions (and unlike the circumstances in *Gray*), the allegations against Defendant Abro and Defendant Young stem from the same transaction and involve a common scheme or plan. Although Defendant Abro may not have participated in all of the illegal activities that Defendant Young is alleged to have engaged in, Defendant Abro's actions allegedly enabled Defendant Young to engage in the transactions and schemes alleged, including the prostitution activity charged in the indictment. Moreover, unlike the defendant in *Gray* (who, as one person, could have been prejudiced by having two unrelated crimes linked together), there is no such danger to Defendant Abro in this case because there is no unrelated activity charged

against him in this indictment.

The Court also is not persuaded that Defendant Abro will be prejudiced by the volume or "disturbing" nature of Defendant Young's alleged crimes and the evidence that will be admitted. The Court will give the jury specific instructions that Defendant Abro is only charged with two counts and that the jury is only to consider the evidence against Defendant Abro in determining his guilt or innocence on those counts.

For the foregoing reasons, the Court concludes that it would not be appropriate to have separate trials or juries for Defendant Abro and Defendant Young, nor does the Court find it necessary to sever any counts.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, Defendant Abro's Motion to Sever Defendants or Counts, or in the alternative, for separate juries, is DENIED.

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff  
    LAWRENCE P. ZATKOFF  
    UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of

record by electronic or U.S. mail on June 27, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290